IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DEMEL HANNAH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-cv-3432 ) |
| JULIA VINCENT, STIRLING EDWARDS, KELLY L. GRAHAM, and LEONTA L. JACKSON, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION

**BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:**

Plaintiff, currently incarcerated in Pontiac Correctional Center and proceeding *pro se*, pursues First Amendment claims based on alleged retaliation against him for filing a grievance at Western Illinois Correctional Center about the refusal to restore his good time.  In particular, Plaintiff alleges that Defendant Julia Vincent wrote Plaintiff a disciplinary report for "intimidation and threats" based on Plaintiff's request in his grievance for "a fair and complete evaluation by the committee, whereas I can attempt to forge a counter attack against the members that refuse to grant restoration."  (Complaint, Ex. 1).  Plaintiff further alleges that Julia Vincent

wrote the disciplinary report to retaliate against him because her husband had been involved the denial of good time restoration. Julia Vincent was also apparently the counselor who responded to Plaintiff's grievance. (Complaint, Ex. 1).

Before the Court is Plaintiff's motion to compel the production of documents. The first request at issue asks for "[a]ny training program that informs staff members on how to deal with offenders when their spouse is involved." (d/e 22, ¶ 4). The next request is somewhat similar, seeking documents addressing "[a]ny and all conflicts of interest Directives of I.D.O.C." (d/e 22, ¶ 6). Defendants object to the former on grounds of relevance and to the latter on grounds of vagueness and overbreadth.

The Court agrees that these requests are too vague and too broad. However, considered in the context of his claims, Plaintiff seems to be seeking IDOC documents which govern the handling of grievances if those handling the grievance are related to the person who is the subject of the grievance. The administrative code sections which Defendants provided to Plaintiff address some conflict of interest and partiality situations, but not this particular situation. *See* 20 Ill. Admin. Code 504.820(b)(no person "directly involved in subject matter of grievance" may serve as grievance

officer); 20 Ill. Admin. Code 504.80(d)(person who writes disciplinary report cannot serve on Adjustment Committee).

Violations of internal codes of conduct would not give rise to an independent constitutional violation.  See Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006)("[T]his court has consistently held that '42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . .  departmental regulations and police practices.'") (quoted cite omitted).  Thus, even if internal rules exist against ruling on a grievance in this situation, that violation would not, by itself, support a constitutional claim.  However, such a violation might be relevant to show retaliatory motive:  a deliberate refusal to follow standard procedures for processing grievances could tend to make less probable Defendants' innocent explanations for their actions.  The Court will accordingly grant Plaintiff's motion to compel as to these requests but will attempt to narrow the requests to target relevant information.

Plaintiff's request numbers six through eight appear too broad and vague to salvage.  Plaintiff seeks all training requirements and training documents for Adjustment Committee Members, directives on "staff code and conduct," and documents regarding "job performance" for counselors.

(d/e 22, p. 1). These terms are too ambiguous to give notice of exactly what Plaintiff seeks and are so broad that they could potentially cover a vast array of irrelevant documents.

However, viewing the requests in the context of the claims, Plaintiff may be seeking organizational documents addressing the discipline of inmates for statements in grievances. As with the conflict of interest request discussed above, this information might arguably be relevant to Defendants' motive. The Court will attempt to narrow this request as well.

Plaintiff also seeks the written statement he submitted to the Adjustment Committee. However, he does not dispute Defendants' assertion that the statement was destroyed when the disciplinary ticket was expunged. (d/e 24, p. 3). This request will accordingly be denied.

On a separate matter, Plaintiff has filed a motion to correspond with another inmate for purposes of obtaining that inmate's affidavit. Inmate David Woods, currently incarcerated in Lawrence Correctional Center, allegedly witnessed and overheard Plaintiff telling Defendant Jackson that Plaintiff was being wrongfully held in segregation. Plaintiff's request to the Warden to correspond with this witness for 60 days has been denied, in part because of a lack of verification. (d/e 23).

Inmate Woods' affidavit about an overheard conversation would not be admissible to show the truth of the matter heard (i.e., that Plaintiff's segregation was in fact illegal), but might be admissible to show that Jackson was on notice that Plaintiff was making that claim. This would not be probative of whether Jackson knew or had reason to believe that Plaintiff's claims were actually true.

While inmate Woods' affidavit seems unlikely to add much, if any, probative evidence, the Court believes that a ruling on the admissibility and relevance of that affidavit would be premature. Accordingly, the Court will request the Warden at Plaintiff's prison to indicate whether Plaintiff might be allowed a one-time correspondence with inmate Woods for the purpose of securing Woods' affidavit or statement in connection with this case.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel is granted in part and denied in part (d/e 22). By August 6, 2012, Defendants are directed to produce to Plaintiff any documents instructing IDOC employees on 1) how grievances should be handled if the person responding to the grievance is related to the person who is the subject of the grievance; or 2) the disciplining of an

inmate for statements made by the inmate in a grievance.  Plaintiff's motion to compel and request for sanctions is otherwise denied.

    2)   By August 6, 2012, the Court requests that the Warden of Pontiac Correctional Center, Randy Pfister, inform the Court whether Plaintiff may be granted a one-time opportunity to correspond with inmate David Woods for the purpose of obtaining Woods' affidavit or statement in connection with this case.  Upon information and belief, David Woods is currently incarcerated in Lawrence Correctional Center, inmate number R22681.  Plaintiff's correspondence to Woods would not be sealed and would be subject to search and review by prison staff.  The clerk is directed to mail this order to Mr. Pfister and to highlight this paragraph for Mr. Pfister.

    ENTER:   July 16, 2012

    _____s/ Byron G. Cudmore_____
    BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE